Filed 12/13/21  P. v. Herrera CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B312388 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA078799 |
| ISRAEL HERRERA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Affirmed.

H. Russell Halpern for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and David E. Madeo, Deputy Attorney General, for Plaintiff and Respondent.

————————————

Israel Herrera claims the trial court improperly denied his request to substitute retained counsel and asks us to reverse his sentence. The trial court acted within its discretion in denying Herrera's tardy request. We affirm. Statutory references are to the Penal Code.

## I

The parties skip over the facts of the underlying crime. We know from the probation officer's report that the case stems from a drive-by shooting in April 2020.

In May 2020, prosecutors charged Herrera with three counts of attempted premeditated murder with personal firearm use allegations. The complaint identifies a life state prison sentence and "+20 Yrs." for each count.

Herrera retained counsel, who appeared on his behalf at the outset of the case through sentencing.

In March 2021, the parties reached a plea agreement. Herrera pleaded no contest to one count of assault with a semiautomatic firearm (§ 245, subd. (b)) and admitted a firearm allegation (§ 12022.5, subd. (a)). He agreed to a 13-year sentence. On the first page of his plea form, Herrera initialed a section that says his plea will result in the court sentencing him to 13 years in state prison. Herrera signed the form and entered his plea on March 24, 2021, with the assistance of his retained counsel, Ambrosio Rodriguez.

The trial court set a sentencing hearing for April 16, 2021.

Herrera, Rodriguez, and attorney H. Russell Halpern appeared at the sentencing hearing. Halpern reported Herrera had retained him a week earlier and wanted to substitute him as counsel. Halpern was not ready to go forward with the hearing that day and said he needed to "prepare for sentencing and also

2

for other legal matters that I have been made aware of that I want to investigate."

When pressed, Halpern explained he wanted to look into the constitutionality of the "gun allegation" in light of policies adopted by District Attorney George Gascon. He felt there could be an equal protection issue. He asked for "about a month."

Halpern maintained he and Herrera were not asking to withdraw the plea; he simply wanted to explore whether a part of the plea bargain (the enhancement) was unconstitutional.

The prosecutor argued there was no constitutional issue because the Penal Code authorized the firearm allegations, his office could pursue the allegations with permission, and he was moving forward.

The trial court said it could not find good cause to continue sentencing. Rodriguez was there, and the court was ready to sentence Herrera "today." But if there were any claims of ineffective assistance of counsel, the court could hear that issue.

At Rodriguez's suggestion, Halpern and Herrera discussed this issue off the record. Halpern then told the court Herrera had received effective assistance but nevertheless wanted Halpern to represent him at sentencing.

The trial court denied Herrera's substitution request and sentenced him to 13 years in state prison "pursuant to the plea agreement." The court also dismissed the attempted murder counts in line with the agreement.

## II

Herrera argues his sentence must be reversed because the trial court violated his constitutional right to counsel of choice by denying his substitution request. This argument fails, however,

3

because the trial court properly exercised its discretion to deny the request.

The Sixth Amendment to the federal Constitution safeguards a defendant's right to retained counsel of choice. In California, this right includes being able to discharge a retained attorney the defendant no longer wants. (*People v. O'Malley* (2016) 62 Cal.4th 944, 1004 (*O'Malley*).) The right is not absolute, however. A court may deny a defendant's bid to relieve counsel if the request is untimely—or, in other words, if the request will disrupt the orderly process of justice. (*Id.* at pp. 1004 & 1006.) In making this determination, the trial court considers the totality of the circumstances. (*People v. Maciel* (2013) 57 Cal.4th 482, 513.)

We review the trial court's ruling for an abuse of discretion. (*People v. Dowdell* (2014) 227 Cal.App.4th 1388, 1411.)

There was no abuse here.

Herrera had his choice of counsel from the start of the case through the plea negotiations. He had counsel of choice when he agreed to a 13-year sentence and when he entered his plea. Herrera's request to substitute counsel at the sentencing hearing—when the court simply would impose the agreed sentence—was untimely. It was no abuse of discretion to refuse to delay sentencing.

Herrera had no complaints about Rodriguez. While it is true a defendant may discharge retained counsel without cause (*O'Malley*, *supra*, 62 Cal.4th at p. 1004), Herrera's satisfaction with Rodriguez's performance remains relevant. (See *ibid.* [trial court can consider the absence of an irreconcilable conflict or inadequate representation in deciding whether discharging counsel would disrupt the orderly processes of justice].) Herrera's

4

satisfaction with existing counsel, plus the last-minute timing of his request for new counsel, suggests Herrera had an interest in delay.  (Cf. *People v. Ortiz* (1990) 51 Cal.3d 975, 987 (*Ortiz*) [where the defendant requested new counsel after a mistrial and well before any second trial, the timing of the request reflected the defendant's "genuine concern about the adequacy of his defense rather than any intent to delay the retrial"].)

Further, Herrera implicitly conceded his request for more time and research by a new lawyer before sentencing lacked merit.  (See *Ortiz*, *supra*, 51 Cal.3d at p. 984 [discussing *justifiable* requests for delay].)  While Halpern told the trial court he wanted to explore the validity of part of Herrera's plea in light of changed district attorney policies, he also told the court they did not wish to withdraw the plea.  And on appeal, Herrera has abandoned any attack on his plea.  If there were merit to Halpern's musings on the validity of the plea, we would expect Herrera's lone appellate brief to say so.

The trial court acted within its discretion in denying the proposed substitution.

## DISPOSITION

We affirm the judgment.

WILEY, J.

We concur:

GRIMES, Acting P. J.

HARUTUNIAN, J.[*]

---

[*]    Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.